RCO LEGAL, P.S  
Charles E. Katz, SBN 40610  
13555 SE 36th St, Suite 300  
Bellevue, WA 98006  
Tele: 425-586-1940; Fax: 425-440-6032  

Attorneys for Defendant,  
Federal Home Loan Mortgage Corporation

Honorable Thomas S. Zilley

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**SEATTLE BRANCH**

| | |
|---|---|
| JOEL JOHNSON,<br><br>                    Plaintiff,<br><br>         v.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION, a foreign corporation,<br><br>                  Defendant. | No. 2:12-cv-01712-TSZ<br><br>**DEFENDANT FEDERAL HOME LOAN MORTGAGE CORPORATION'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED;**<br><br>**Note on Motion Calendar:**<br>**Friday, April 26, 2013** |

## I.    INTRODUCTION

Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac"), by and through Charles E. Katz and RCO Legal, P.S., it attorneys of record, hereby submits Freddie Mac's Reply to Plaintiff's Response to Defendant's Motion to Dismiss for failure to state upon which relief can be granted (F.R.C.P. 12(b)(6)) and Freddie Mac's Response to Plaintiff's Motion for Leave to Amend the Second Amended Complaint.

DEFENDANT FEDERAL HOME LOAN MORTGAGE CORPORATIONS' REPY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS  
cv-12-01712-TSZ  
PAGE 1 OF 8

ROUTH CRABTREE OLSEN, P.S.  
13555 SE 36th St., Ste 300  
Bellevue, WA 98006  
Telephone: 425.458.2121  
Facsimile: 425.458.2131

Plaintiff brings this action against Freddie Mac alleging breach of contract, breach of fiduciary duty, negligence, and violation of the Washington Consumer Protection Act, however, Plaintiff fails to respond to Freddie Mac's Motion to Dismiss the claims of breach of fiduciary duty and negligence.  As stated in its Motion to Dismiss, Defendant Freddie Mac moves this Court for dismissal of all claims with prejudice because: a) Freddie Mac is not subject to any successor-in-interest liability by virtue of its purchase of mortgage loans on the secondary mortgage market; b) as an assignee, Freddie Mac has no direct liability for Plaintiff's claims as to the loan servicer's performance of its duties under mortgage agreements; c) Freddie Mac is a federal instrumentality entitled to protections of the *Merrill* doctrine (discussed *infra*); and d) Freddie Mac is not vicariously liable for post-assignment conduct of its servicer that allegedly violated state law or breached Plaintiff's mortgage contract.

## II.   ARGUMENT

**A.   Freddie Mac did not Assume Any of the Servicer's Duties Under the Loan.**

Plaintiff cites to *Paullus v. Fowler*, 59 Wn.2d 204, 212, 367 P.2d 130 (1961) for its contention that "Under Washington contract law, when a party is assigned a contract that party stands in the shoes of the assignor and receives both the rights and obligations of the contract" (Dkt. Txt. No. 30; page 3, lines 4-7).  Plaintiff's argument is misplaced because, not only are the facts and circumstances in *Paullus* markedly distinguishable from the present case, the holding in *Pallus* does not support Plaintiff's contention.

In *Paullus*, the parties entered into a lease agreement with the option to purchase a farm as well as farm machinery and farm equipment. *Id.*  The initial optionee assigned their interest in a real property lease along with an option to purchase the farm and the farm equipment, to a third

DEFENDANT FEDERAL HOME LOAN MORTGAGE
CORPORATIONS' REPY TO PLAINTIFF'S RESPONSE
TO MOTION TO DISMISS
cv-12-01712-TSZ
PAGE 2 OF 8

ROUTH CRABTREE OLSEN, P.S.   13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

party who continued to make the monthly lease payments. *Id.* When a dispute arose over the exercise of the option by the third party, the optionor sought the remedy of specific performance of the contract of sale for the real and personal property. *Id.* The court affirmed the lower court's decision ordering specific performance by the third party holding that the third party stands in the shoes of the assignor of the lease and option to purchase contract. *Id.* The holding is limited to an assignee standing in the shoes of the assignor in the performance of the specific terms of the purchase option contract and is manifestly distinguishable from the instant case involving the sale of a mortgage loan on the secondary market.

As this Court stated in its previous Order granting Freddie Mac's Motion to Dismiss the Amended Complaint (Dkt. Txt. No. 26), the holding in *Paslowski v. Standard Mortgage Corporation of Georgia,* 129 F.Supp.2d 793 (W.D. Pa. 2000), that Freddie Mac is not liable for the allegedly wrongful conduct of its servicer is supported by, and is consistent with, the conclusion of other courts on this issue. *U.S. v. Thompson and Georgeson, Inc.,* 346 F.2d 865, 869 (9th Cir. 1965) ("Merely as assignee one does not become affirmatively liable for a deficit in the accounts between his assignor and the other party to the assigned contract. Any such liability would have to be based upon an affirmative assumption, by the assignee, of the obligations of his assignor on the contract, or upon some independent contractual arrangement."); *Lachmar v. Trunkline LNG Co.,* 753 F.2d 8, 9-10 (2d Cir. 1985) (assignee of rights under a bilateral contract is not bound to perform the assignor's duties under the contract unless he expressly assumes to do so.)

Here, Plaintiff fails to allege any facts to support their mere conclusion that Freddie Mac affirmatively assumed all obligations and consequences of the mortgage contract between

DEFENDANT FEDERAL HOME LOAN MORTGAGE
CORPORATIONS' REPY TO PLAINTIFF'S RESPONSE
TO MOTION TO DISMISS
cv-12-01712-TSZ
PAGE 3 OF 8

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Plaintiff and Taylor, Bean & Whitaker ( "TBW").  In fact, servicing of the loan remained with TBW subject to its contractual obligations under the Freddie Mac Seller/Servicer Guide.

### B. The Mere Existence of an Investor With a Contractual Interest in a Note Does Not Prohibit the Servicer From Holding the Note.

Plaintiff relies on *Bain v. Metropolitan Mortgage Group, Inc.,* 175 Wash.2d 83, 92-93, 285 P.3d 34, 38 (2012) for its claim that Freddie Mac is responsible for the duties of the lender/beneficiary when it purchased the mortgage.  Plaintiff's argument relies on their misunderstanding that Freddie Mac, as the "investor" who owns the Note, must also be the "holder" of the Note.  Apparently it is Plaintiff's belief that the mere existence of an investor owning a contractual interest in the Note means that the servicer does not "hold" the Note. But this flawed logic finds no support in either the facts or the law.  Indeed, the Washington Deed of Trust Act excludes "investors," i.e. those with a separate contractual obligation relating to the Note – from the definition of "beneficiary" (unless the investor has the right to enforce the Note in its own right).  *See* RCW 61.24.005(2) (beneficiary excludes entities possession interest in Note "as security for a different obligation").

Plaintiff's allegation that Freddie Mac is attempting to disavow the obligations of a lender/beneficiary when it accepted the $185,000.00 insurance proceeds in full satisfaction of Plaintiff's loan, does not alter Cenlar's right to enforce the Note or to even foreclose on the Property.  Indeed, RCW 62A.3-301 expressly provides that "[a] person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument. *See also Allen v. US Bank, N.A.,* 472 B.R. 559, 565 (9th Cir. B.A.P. June 8, 2012) (applying Washington law). "Put another way, one can be an owner of

DEFENDANT FEDERAL HOME LOAN MORTGAGE CORPORATIONS' REPY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS
cv-12-01712-TSZ
PAGE 4 OF 8

ROUTH CRABTREE OLSEN, P.S. | 13555 SE 36th St., Ste 300 Bellevue, WA 98006 Telephone: 425.458.2121 Facsimile: 425.458.2131

a note" – *i.e.,* an investor with the contractual right to demand that the Note be returned to it – "without being a 'person entitled to enforce.' This distinction may not be an easy one to draw, but it is one the UCC clearly embraces." *In re Veal,* 450 B.R. 897, 912 (9th Cir. BA.P. 2011). This also reflects long-standing Washington law with respect to using agents to foreclose, as to basic agency law, the Deed of Trust Act, and the Washington UCC. *See Andrews v. Kelleher,* 124 Wn. 517, 534-36, 214 P. 1056 (1923) (agent for bond holders had authority to prosecute suit foreclosing mortgage); *Carr v. Cohn,* 44 Wn. 586, 588, 87 P. 926 (1906) (nominee to whom property had been deeded without consideration and merely as a title-holder for grantors, to convey as they might direct, can bring quiet title action on deed); *Buse v. First Am. Title Ins. Co.,* 2009 WL 1543994, at *2 (W.D. Wash. 2009) (Deed of Trust Act incorporates agency principles); RCW 62A.1-103 (UCC incorporates agency principles): RCW 62A.9A-502(a) (allowing representative of secured party to record transfer statement of security interests).

Therefore, the fact that, as the investor who purchased Plaintiff's Note on the secondary market, Freddie Mac agreed to accept $185,000.00 in insurance proceeds as satisfaction of the entire debt does not impose any beneficiary obligations as Plaintiff suggests.

**C.     Freddie Mac, as a Federal Instrumentality, is Entitled to Protection under the *Merrill* Doctrine.**

As argued in Freddie Mac's original motion to dismiss, Freddie Mac purchased Plaintiff's Note on the secondary market and, while the mortgage rights may have been assigned by TBW, a distinction exists between the assignment of rights and delegation of duties (Dkt. Txt. No. 7, 8:21-23). As argued *supra,* an assignee does not become affirmatively liable for a deficit in accounts between the assignor and the other party to the assigned contract because any such

DEFENDANT FEDERAL HOME LOAN MORTGAGE
CORPORATIONS' REPY TO PLAINTIFF'S RESPONSE
TO MOTION TO DISMISS
cv-12-01712-TSZ
PAGE 5 OF 8

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

liability must be based upon an affirmative assumption of the obligations of the assignor or upon some other independent contractual arrangement.

Here, Freddie Mac purchased the Note with an assignment of rights by TBW, but, without stating any facts, merely concludes that Freddie Mac affirmatively assumed all obligations and consequences of the mortgage contract entered into by Plaintiff and TBW.

Plaintiff alleges that the *Merrill* doctrine does not protect Freddie Mac from liability for the breach of contract to which it has knowingly entered into (Dkt. Txt No. 30; page 6, lines 1-2). However, as this Court stated in its previous Order dismissing Plaintiff's Amended Complaint (Dkt. Txt. No. 26), the question before the Court is whether the alleged breach of contract and breach of fiduciary duty claims are barred by the *Merrill* doctrine (Id. at page 13, lines 15-17). According to this Court, the answer to that question turns on whether or not the actions of TBW and Cenlar were authorized or otherwise ratified by Freddie Mac (Id. at lines 18-19).

Plaintiff contends that Freddie Mac authorized TBW to collect and pay the funds in Plaintiff's escrow account pursuant to the Freddie Mac Single-Family Sellers and Servicers Guide (Dkt. Txt. No. 30, page 6, lines 6-7), but Plaintiff fails to allege any facts demonstrating any act by Freddie Mac that authorized or ratified TBW's actions relating to TBW's failure to adhere to its contractual obligation in making insurance premium payments from the Plaintiff's escrow account.

D. **PLAINTIFF FAILS TO RESPOND TO OR OPPOSE FREDDIE MAC'S MOTION TO DISMISS THE CLAIMS FOR BREACH OF FIDUCIARY DUTY AND NEGLIGENCE.**

Plaintiff's Response fails to oppose Freddie Mac's Motion to Dismiss the claims for breach of fiduciary duty and negligence; therefore, Freddie Mac respectfully requests that the

DEFENDANT FEDERAL HOME LOAN MORTGAGE
CORPORATIONS' REPY TO PLAINTIFF'S RESPONSE
TO MOTION TO DISMISS
cv-12-01712-TSZ
PAGE 6 OF 8

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  Court dismiss these claims with prejudice.

2        **D.  PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT.**

      Plaintiff concludes that Freddie Mac acted unfairly and deceptively by requiring homeowners to pay insurance premium payments to TBW, then failing to ensure that TBW actually transferred those insurance payments to the respective companies (Dkt. Txt. No. 30; page 6, lines 12-14).  Plaintiff also concludes that multiple homeowners lost the value of their insurance premium (Id. at page 7, lines 1-2).  Plaintiff then suggests he has cured any defective pleading by simply concluding the Second Amended Complaint has explicitly pled that multiple homeowners were economically injured by Freddie Mac's unfair and deceptive trade practice (Id. at page 7, lines 12-14).

      Plaintiff fails, however, to identify even one other borrower in the State of Washington who had an insurance premium payment cancelled or lost the value of their insurance premium. Even if TBW stopped payment on a check that contained payments for multiple insurance premiums, Plaintiff fails to allege any facts to suggest that each and every premium payment on that particular check were insurance payments related to any other Freddie Mac loan, and fails to allege any facts whether these insurance premium payments were for properties actually located in the State of Washington.  Plaintiff's allegations are merely conclusory and fail to satisfy the elements of a CPA claim; therefore Plaintiff fails to state a claim for any CPA violation.

### IV.  CONCLUSION

      For the foregoing reasons, Defendant Freddie Mac respectfully requests that the Court grant its Motion to Dismiss with prejudice.

DEFENDANT FEDERAL HOME LOAN MORTGAGE
CORPORATIONS' REPY TO PLAINTIFF'S RESPONSE
TO MOTION TO DISMISS
cv-12-01712-TSZ
PAGE 7 OF 8

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   DATED: on this 25th day of April, 2013.

2                                                      Respectfully Submitted,

3                                                      **ROUTH CRABTREE OLSEN, P.S.**

4

5                                                      By:  / s / Charles E. Katz
                                                            Charles E. Katz, Esq.
6                                                           Attorneys for Defendant
                                                            Federal Home Loan Mortgage Corp.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT FEDERAL HOME LOAN MORTGAGE
CORPORATIONS' REPY TO PLAINTIFF'S RESPONSE
TO MOTION TO DISMISS
cv-12-01712-TSZ
PAGE 8 OF 8

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131